IN THE MATTER OF THE PETITION OF PATRICK H. FAY TO VACATE AN ASSESSMENT, ETC.

*Repavement — meaning of — it does not include flagging.*

The flagging and reflagging of sidewalks, and the setting of curb and gutter stones, is not a repavement within the meaning of chapter 580 of 1872 and chapter 313 of 1874 relative to the vacating of assessments in the city of New York.*

APPEAL by the Mayor, etc., of New York from an order made at Special Term vacating an assessment.

*J. A. Beall*, for the Mayor, etc., of New York, appellant.

*P. A. Hargous*, for the petitioner respondent.

BRADY, J.:

It seems to be conceded that the proceedings, resulting in the assessment affecting the petitioner's land, were not published according to law, and the only question for consideration is whether the passage of a resolution or ordinance that the sidewalks be flagged, is a repavement within the provisions of the acts of 1872, chapter

* See *ante*, p. 478, and *post*, p. 558.

580, and 1874, chapter 313. The ordinance or resolution under which the assessments complained of were imposed, was that the sidewalks be flagged and reflagged when necessary and the curb and gutter stones set and reset when necessary after the street was paved with Belgian pavement, under the direction of the street commissioner. The views expressed upon the subject embraced in this question by Justice DAVIS *In re Burmeister* (9 Hun., 613), are applicable here. Flagging is not, for the reasons assigned by him, a repavement within the provisions of the act (*supra*), and the criticisms upon the recent case, *In re Phillips* (60 N. Y., 16), are also applicable.

The result of adopting the opinion referred to is, flagging not being a repavement, that the irregularities complained of are not fatal under these acts.

It is not necessary to consider whether a resolution to flag the sidewalk embraces setting curb and gutter stones, having arrived at the conclusion stated, but if it were necessary, it seems to be clearly demonstrable that they are not included. The decision of this appeal is put, however, upon the broader ground first stated.

The order should, therefore, be reversed, but without costs of this appeal.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Order reversed, without cost of the appeal.